**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-400-FDW**

| | |
|---|---|
| WILLIAM THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU TRIPLETT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on periodic status review, and following the return of summonses as unexecuted as to Defendants FNU Chapman and FNU Russell, (Doc. Nos. 20; 21), both alleged to be former employees of the North Carolina Department of Public Safety, working at Lanesboro Correction Institution at all relevant times.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the

1

prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants FNU Chapman and FNU Russell. Since Plaintiff provided only these Defendants' last names, this could be attempted by first contacting NCDPS to determining whether there are any persons with those last names who were or are employed at Lanesboro.

**IT IS, THEREFORE, ORDERED** that:

1. The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendants FNU Chapman and FNU Russell. If the U.S. Marshal is unable to locate and obtain service on these Defendants, the U.S. Marshal shall inform the Court of the efforts made in attempting to locate these Defendants.

2. The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge